IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**BREANNA FERRELL and CHARLES FERRELL**                                    PLAINTIFFS

V.                                         CASE NO. 3:24-CV-3038

**DAVID NIXON, Mayor of Bull Shoals,
in His Individual Capacity;
DAVID HOTCHKISS, in His Individual Capacity;
JOHN AINSWORTH, Police Chief of Bull Shoals,
in His Individual Capacity;
CITY OF BULL SHOALS;
and DUSTIN SANDERS**                                                        DEFENDANTS

## ORDER

In anticipation of the upcoming Case Management Hearing pursuant to Federal Rule of Civil Procedure 16, the Court has reviewed the attorney-filed Complaint (Doc. 2) and finds it deficient in a number of material aspects. In particular, the Complaint identifies many individuals in the "Facts" section but does not clearly explain how they are related to the claims in this case or to one another. The facts are generally confusing and difficult to follow.

In addition, all causes of action are pleaded in conclusory fashion. Counts I, II, and V accuse all Defendants—without exception—of committing the torts of false prosecution, false imprisonment, abuse of process, and defamation. The Complaint fails to explain the elements of each tort, the facts that support each element, and the particular actions that each Defendant is alleged to have committed with respect to each claim.

Count III is nominally a claim for tortious interference with contract; yet Plaintiffs have failed to identify with any particularity the contract or contracts they claim were

1

interfered with, the elements of the claim, and the facts that support each element as to each and every Defendant.

Count IV asserts that all Defendants have deprived both of the Plaintiffs of their constitutional rights in violation of 42 U.S.C. § 1983. However, Count IV's facts—which comprise two short sentences—mentions only two of the Defendants by name (City of Bull Shoals and Dustin Sanders). Neither Plaintiff is mentioned by name. And though the claim generally alludes to a failure to train and "the importance of Due Process and being truthful," the Court cannot tell which constitutional rights were violated, how they were violated, and which Defendant is at fault.

Finally, Count VI alleges a "loss of consortium" on behalf of Plaintiff Charles Ferrell against all Defendants. Count VI fails to explain any facts or circumstances surrounding this loss of consortium or the reasons why each Defendant is liable. Further, the Court notes that a claim for loss of consortium is most commonly asserted in the context of personal injury—though, here, no personal injury is alleged to have occurred.

Accordingly, **IT IS ORDERED** that Plaintiffs file an amended complaint correcting the above deficiencies by no later than **5:00 p.m. on Friday, March 7, 2025**. Plaintiffs are further directed to email a file-marked copy of the amended complaint to *pro se* Defendant David Hotchkiss.

**IT IS SO ORDERED** this 4th day of March, 2025.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE